UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SEMYON GRINBLAT, individually and
on behalf of all others similarly situated,

                Plaintiff,

          - against -

NULIFE OF BROOKLYN, LLC,
REMICA PROPERTY GROUP CORP.,
JOHN DOE 1-X, persons yet unknown,
Limited Liability Companies,
Partnerships, Corporations 1-X, entities
yet unknown,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-5854 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

        Plaintiff brought this putative class action under Title III of the Americans with Disabilities Act ("ADA") and corresponding provisions of state law, contending that Defendants, who own, lease, control, manage, or operate a KFC restaurant and adjacent parking lot in Brooklyn, maintained illegal barriers to access. (*See generally* Complaint ("Compl."), Dkt. 1.) Roughly three months after commencement of this action, Plaintiff died. (*See* Suggestion of Death, Dkt. 9.) On March 4, 2021, Plaintiff's counsel moved to stay the case pursuant to Federal Rule of Civil Procedure 25(a) so that an estate representative could be appointed and then a new plaintiff substituted in. (Motion to Stay, Dkt. 10.) The following day, the Honorable Peggy Kuo granted Plaintiff's request to stay. (3/5/21 Docket Order.) On March 9, 2021, the Honorable Brian M. Cogan issued an order in another case filed by Plaintiff, *Grinblat v. Michell Wolf LLC*, No. 20-CV-5857 (BMC), 2021 WL 878554 (E.D.N.Y. Mar. 9, 2021), dismissing that case on the basis of Plaintiff's death. In light of Judge Cogan's decision, on March 11, 2021, the Court *sua sponte*

1

reconsidered the stay in this matter and issued an order directing Plaintiff's counsel to show cause why this matter should not be dismissed. (Docket Order dated 3/11/2021.) The Court set a deadline of March 26, 2021 for that response. (*Id.*) None has been filed. Accordingly, the Court now rules, and for the reasons set forth herein, dismisses this case with prejudice because of Plaintiff's death.

By its terms, substitution under Rule 25 can be made only if a party dies "and the claim is not extinguished." Fed. R. Civ. P. 25(a)(1). Title III ADA claims become moot when the plaintiff dies because the only relief available is injunctive relief, and injunctive relief cannot benefit a deceased plaintiff. *See, e.g., Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997) (holding that Title III ADA claim does not survive plaintiff's death); *Gershanow v. Cty. of Rockland*, No. 11-CV-8174 (CS), 2014 WL 1099821, at *4 (S.D.N.Y. Mar. 20, 2014) (same); *Kahn v. NYU Med. Ctr.*, No. 06-CV-13455 (LAP), 2007 WL 2000072, at *4–5 (S.D.N.Y. July 10, 2007), *aff'd*, 328 F. App'x 758 (2d Cir. 2009) (same). It is self-evident that an estate representative cannot substitute in to prosecute an extinguished claim.

The cases Plaintiff's counsel relied on in requesting a stay in this case are inapposite, as they are either post-class certification cases, or not brought under the ADA. *See Marisol A. v. Giuliani*, No. 95-CV-10533, 1998 WL 265123 (S.D.N.Y. May 22, 1998); *Diduck v. Kaszycki & Sons Contractors, Inc.*, 147 F.R.D. 60 (S.D.N.Y. 1993). "Title III ADA cases against a single franchisee are particularly poor candidates for class certification and thus successful class certification motions in this Circuit in cases like this are few and far between," in part because "[i]f an individual plaintiff obtains injunctive relief, all others similarly situated benefit from that relief without the difficulty, expense, and time-consuming machinery of a class action." *Michell Wolf LLC et. al.*, 2021 WL 878554, at *1 (noting that the court could not find a single class certification

motion in any of the 21 cases that Plaintiff's counsel in this case had filed on behalf of the same deceased plaintiff since 2018).

Plaintiff's counsel may indeed find another disabled plaintiff who has been denied access to this particular KFC and represent that plaintiff in a new action. In this case, however, Plaintiff's ADA claim is dismissed as moot. The Court declines to exercise supplemental jurisdiction over Plaintiff's state and city law claims, and those claims are dismissed without prejudice. *See* 28 U.S.C. § 1367.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 30, 2021
      Brooklyn, New York